# BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY *v.* MONTANA ORE PURCHASING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

No. 103. Argued December 3, 1902.—Decided February 23, 1903.

To give the Circuit Court jurisdiction under section 1 of the act of March 3, 1887, as corrected by the act of August 13, 1888, Federal questions must appear necessarily in the statement of the plaintiff's cause of action and not as mere allegations in the plaintiff's bill of the defence which the defendants intend to set up or which they rely upon. And if it further appear from defendant's answer that no such defence is set up, no jurisdiction exists to try questions not of the kind coming within the statute, and the Circuit Court should dismiss the bill for want of jurisdiction.

In order for a party in possession to maintain a bill of peace for the purpose of quieting his title to land against a single adverse claimant ineffectually seeking to establish a legal title by repeated actions of ejectment, it is necessary for the bill to aver that complainant's title has been established by at least one successful trial at law; and where it appears from the bill that an action at law involving the same questions has been commenced, but has not been tried, it is a fatal defect.

To maintain a bill of peace in the Federal courts there must be an allegation that the complainant is in possession, or that both parties are out of possession.

THE appellant in this case (being the complainant below) has brought it to this court by an appeal from the judgment of the Circuit Court of the United States for the District of Montana dismissing its complaint and ordering judgment for the defendants on the ground that the court had no jurisdiction of the action. A decree having been entered in accordance with the direction of the court dismissing the bill, the Circuit Court has certified to this court the question of jurisdiction, and whether or not a Federal question is presented in complainant's amended bill and the answer of the defendant corporation.

The cause of action relates to the ownership of a certain quantity of copper ore taken and converted by the defendants from the mining ground alleged to be owned by the complainant. For the purpose of presenting the question of jurisdiction, the court below has certified to this court the amended bill and the answer of the defendants. The complainant in the bill alleges that it is the owner and entitled to possession of certain property therein described, known as and called the Pennsylvania lode mining claim, lot No. 172, situated in Summit Valley mining district, county of Silver Bow, Montana. A full description of the land is given in the bill. The complainant's title is next set out with much particularity and detail, from which it appears that the original source of its title is a United States patent covering the claim, dated April 9, 1886, issued to persons named therein, from whom the complainant deraigns title. It is then averred that on April 1, 1895, defendants wrongfully and unlawfully entered upon complainant's premises, and from that time on extracted from the mine large quantities of valuable ores, of the reasonable value of $500,000, and that they have continued to extract and mine ores from the premises belonging to the complainant, and are now mining and extracting ores therefrom and threatening to continue to do so unless enjoined by the court.

The land which the complainant claims to own is valuable almost exclusively for the copper, silver and gold ores which are found there in large quantities, and it is these ores that the defendants have extracted and are threatening to continue to extract in the future.

It is averred that the complainant has no means of ascertaining the quantity or value of the ores which the defendants have extracted or may hereafter extract from such premises, and if the defendants are permitted to continue to extract such ores it will be altogether uncertain and indefinite as to what the amount or the value of such ores may be, and the complainant will be compelled to rely to a great extent on the defendants as to such amount and value; that unless the defendants are enjoined and restrained from taking the ores the complainant will be required to bring numerous actions for the deter-

mination of the damages it has from time to time sustained by reason of such trespasses, which are continuing on the part of the defendants. Therefore the complainant brings this suit in order to avoid a multiplicity of suits in the premises; and by reason of the trespasses of the defendants and their threatened continuance the complainant has suffered and will suffer great and irreparable injury and damage, unless the defendants are enjoined from further trespass as prayed for.

This is the complainant's cause of action, as set forth in the bill, regarding the trespass and the injury inflicted and the difficulty of proof thereof and the prevention of a multiplicity of suits.

The complainant then further averred in the bill, for the purpose as therein stated, of showing the jurisdiction of the court to determine the matters set forth in such bill, that the determination of the controversy between the parties involved the construction of the mining laws of the United States; that the property of the complainant is a mining claim and has been patented as such under the provisions of the Revised Statutes of the United States relating to mines and mineral lands; that the defendants owned a portion of certain properties called the Rarus lode claim, lot No. 179; the Johnstown lode claim, lot No. 173; and the Little Ida lode claim, lot No. 126, which claims lie north of and partially adjoining and near to the Pennsylvania lode claim, owned by the complainant.

It is further stated that the various claims which are and will be made by the defendants as to their rights in complainant's mine by reason of their ownership of the other mines above mentioned are without foundation, yet, nevertheless, they will be urged as a defence to the cause of action set forth in the bill of complaint, and the claims of defendants are denied and disputed, as are also the facts upon which the defendants base their defence, and the law arising from the same, and complainant adds " that it disputes each and every one of the claims made by the defendants, relative to the construction of said several patents, and it (complainant) claims that all veins, whose apexes lie within the Johnstown patent must be governed and regulated in extralateral rights, if any they have, under the

Johnstown patent, and not under or by virtue of the Rarus patent." The complainant also averred "that the said defendants contend and claim that the complainant cannot under any circumstances obtain any relief for ores extracted within that portion of the premises owned by it, without first showing that the apices of the veins from which the ores were extracted are within the surface lines of the ground owned and claimed by the complainant, whereas your orator claims that *prima facie* it is the owner of all ores found within its boundaries extended downward into the earth, until it has been shown that some other person or company has some right thereto by reason of ownership of the apex of the vein within some other claim." The complainant further stated its right to enjoin defendants from mining ore beneath the ground of complainant, because no vein having its apex in the defendants' claim passes in its strike through the end lines thereof so as to confer extralateral rights.

And finally : " Wherefore, your orator shows to your honors that there is involved in the matters in controversy, between your orator and the said defendants, the numerous questions aforesaid, involving the construction of the statutes of the United States, relative to locating, purchasing and patenting of mineral lands and the construction of the statutes, relative to the right of one claimant to follow veins down to and into the premises of another, under the circumstances and situation of the parties as hereinbefore set out, and also the construction of the said statutes in relation to patenting of claims and whether the vein can be patented to one person and the surface to another, and to the right of the Land Department to segregate the surface from the mineral in the ground, granting one to one person and the other to another, and as to whether said action is authorized under and by virtue of said statutes ; and also as to whether, when an apex of a vein is divided upon the surface, part being within the premises granted in one patent and a part within another, as to what, if any extralateral rights, are granted under such circumstances to either party."

The answer of the defendants is also set forth in the certificate of the court below, in which the defendants deny that they

wrongfully or unlawfully entered the premises of the complainant or that they took out any amount of ore belonging to the complainant from that mine, and deny that the defendants ever mined or extracted ores from premises belonging to the complainant or threatened to do so; also deny the averments as to the value of the ore set forth in the bill. Defendants also deny that the determination of the controversy between the parties involves a construction of the mining acts of the United States or the construction of any statute of the United States whatever. They admit that the Rarus and the Johnstown lode claims are mineral claims, located under the laws of the United States, and that the same have been patented under those laws, and that the defendants own a portion of the lode called the Rarus lode claim. The defendants also assert that they are the owners of a certain parcel of ground within the Johnstown lode claim, and also the owners of that portion of the Pennsylvania lode claim thereafter described, and they claim the right to enter upon the premises of the complainant, namely, that portion of the Pennsylvania lode claim described in its amended bill of complaint, by reason of the fact that certain veins owned and claimed by the defendants and in their possession have their top or apices within the Johnstown lode claim, lot No. 173, and that portion thereof owned by the defendants, and that the defendants assert the right to follow such veins on their downward course or dip, although the same so far depart from a perpendicular as to depart from the said Johnstown lode claim and from that portion thereof claimed by the defendants, and enter the premises owned and claimed by the complainant, namely, that portion of the Pennsylvania lode claim described in its amended bill of complaint. But the defendants deny that they claim the right to enter complainant's premises by reason of the fact that any veins owned or claimed by them or in their possession have their top or apices within the Rarus lode claim or in that portion thereof owned by the defendants, or by reason of the fact that the same have their top or apices within the Little Ida lode claim or any portion thereof, and deny that the defendants assert the right or any right to follow such veins on their downward course or dip, although the same so far de-

part from a perpendicular as to depart from said Rarus lode claim, and to enter the premises claimed by the complainant; and deny that they assert or claim the right to enter the premises of the complainant by reason of the fact that any veins owned or claimed by the defendants have their top or apices within that portion of the Johnstown lode claim owned by the defendant, or that they assert the right to follow such veins on their downward course or dip, although the same so far depart from a perpendicular as to depart from the Johnstown lode claim and from the portions thereof owned by the defendants and enter the premises of the complainant.

It was further averred in the answer " that in this action it makes no claim of any right under the Rarus patent to enter upon the veins within the ground claimed or owned by the complainant, but that it asserts its right to do so by reason of its ownership of a portion of the Johnstown lode claim, and the fact that the top or apices of the veins or lode in question are within said portion of the Johnstown lode claim." It also " denies that in this action it contends or claims that only the surface ground of the Johnstown claim was patented to the patentees named therein or that all or any veins lying within the original location lines of the Rarus claim were patented to the claimant under the Rarus claim ; . . . but defendant alleges that it contends and claims in this action, and in so far as this controversy between complainant and defendant is concerned, that its extralateral rights to the veins in question should be determined by its ownership of that parcel of ground now included within the Johnstown claim and not by the Rarus, for the reason that said veins or lodes have their tops or apices within the said parcel of ground owned by defendant."

Various other denials were made, from which it appears that the only claim made by the defendants in this action is by virtue of their ownership of the Johnstown lode claim. The defendants by this answer therefore admit the averments in the bill that their rights must be governed and regulated in this action by reason of their ownership of the Johnstown patent, and not by virtue of the Rarus patent, and as to those rights the complainant claims that the course of the vein cannot be followed because of the nature of the ground.

*Mr. Louis Marshall* for appellant.    *Mr. John F. Forbis* was on the brief.

*Mr. John J. McHatton* for appellees.    *Mr. John W. Cotter* was on the brief.

MR. JUSTICE PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.

It is quite plain that the various averments contained in the complainant's bill for the purpose of showing jurisdiction in the Circuit Court are wholly unnecessary in order to make out complainant's cause of action for the conversion of ore by the defendants on premises belonging to complainant.   To make out a *prima facie* case on the part of complainant, so far as its right to the ore in question is concerned, all that was necessary was to show the patent and the complainant's possession under it, and from such patent and possession the presumption would be that the complainant was the owner of all ores found within the boundaries contained in the patent extended downward into the earth, and the burden would then rest upon the defendants to show that, notwithstanding such presumption, they had the right to enter upon and take the ore from the ground within the limit described in the patent under which the complainant derives title.   It could then prove facts to sustain its averments in regard to ascertaining the quantity and value of the ores which the defendants were extracting or might extract from the complainant's premises, and that it would be altogether uncertain and indefinite as to what amount of ores or the value thereof the defendants might extract in the future, and that the complainant would be compelled to rely upon the good faith and showing of the defendants as to the amount and value of the ores which they had theretofore extracted and might thereafter extract from the premises.   Indeed, the complainant asserted in the bill, an extract from which is contained in the foregoing statement, that *prima facie* it is the owner of all ores found within its boundaries extended downwards into the earth, until the contrary has been shown.   It would be wholly unnecessary and improper in order to prove complainant's cause of

action to go into any matters of defence which the defendants might possibly set up, and then attempt to reply to such defence, and thus, if possible, to show that a Federal question might or probably would arise in the course of the trial of the case.   To allege such defence and then make an answer to it before the defendant has the opportunity to itself plead or prove its own defence is inconsistent with any known rule of pleading so far as we are aware, and is improper.

The rule is a reasonable and just one, that the complainant in the first instance shall be confined to a statement of its cause of action, leaving to the defendant to set up in his answer what his defence is and, if anything more than a denial of complainant's cause of action, imposing upon the defendant the burden of proving such defence.

Conforming itself to that rule the complainant would not, in the assertion or proof of its cause of action, bring up a single Federal question.   The presentation of its cause of action would not show that it was one arising under the Constitution or laws of the United States.

The only way in which it might be claimed that a Federal question was presented would be in the complainant's statement of what the defence of defendants would be and complainant's answer to such defence.   Under these circumstances the case is brought within the rule laid down in *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454. · That case has been cited and approved many times since, among the latest being *Arkansas* v. *Kansas &c. Railroad*, 183 U. S. 185, where it was stated by Mr. Chief Justice Fuller, speaking for the court, at page 188, as follows :

"Hence it has been settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws or treaties of the United States, unless that appears by plaintiff's statement of his own claim ; and if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal or in the subsequent pleadings.   And moreover that jurisdiction is not conferred by allegations that defendant intends to assert a defence based on the Constitution

or a law or treaty of the United States, or under statutes of the United States, or of a State, in conflict with the Constitution." See also *Blackburn* v. *Portland &c. Co.*, 175 U. S. 571; *Shoshone &c. Co.* v. *Rutter*, 177 U. S. 505.

The test of the right of removal is that the case must be one over which the Circuit Court might have exercised original jurisdiction under section 1 of the act of March 3, 1887, as corrected by the act of August 13, 1888, 24 Stat. 552; 25 Stat. 433. The cases hold that to give the Circuit Court original jurisdiction the Federal question must appear necessarily in the statement of the plaintiff's cause of action, and not as mere allegations of the defence which the defendants intend to set up or which they rely upon. *Third Street Railway Company* v. *Lewis*, 173 U. S. 457.

It is urged, however, on the part of the complainant that its averments in regard to the jurisdiction of the court are necessary to be set forth as a part of its cause of action, and that they show that the appellees are questioning complainant's title and interfering with its enjoyment of its property right by asserting ownership to a portion of such claim of complainant based upon two government patents issued for the Rarus and Johnstown claims respectively, and although such assertion of ownership of the appellees is, as complainant avers, without legal foundation, yet, for reasons stated in the bill, the consideration of which necessitates an examination of Federal questions, the case is in effect one to quiet complainant's title or to prevent an interference with its rights and property, and complainant avers that the allegations of jurisdiction relate to its cause of action; that they state the controversy existing between the parties as to its subject matter, not as anticipatory of the defence, but as establishing the complainant's right to have its title quieted.

But it is plain that the suit is not in truth a suit to quiet title. There is a cause of action alleged that is not founded upon any such theory, to prove which it is not necessary or proper to go into the defendants' title or to anticipate their defence to the cause of action alleged by the complainant. What is thereafter said is for the purpose of showing jurisdiction in the Federal

court, not over an equitable cause of action in the nature of a bill to quiet title, but over a cause of action arising out of the laws of the United States ; and the various mining laws of the United States are cited to show the truth of the assertion. It is also clear that jurisdiction in a Federal court cannot be predicated in this case upon an assertion that it is brought to prevent a multiplicity of suits. Even then the complainant's proof in the first instance would remain the same as already stated. The frequent trespasses, as alleged, of the defendants, by reason of which an equitable remedy by injunction is sought, might exist, and still it would not necessarily appear from the complainant's proof that the defendant's justification arose by reason of an alleged right under the Constitution or laws of the United States. That might appear in the defence, but would constitute no cause of action by complainant.

If, however, the bill is to be looked upon as one in the nature of a bill of peace or to quiet title, it is fatally defective in that aspect. There are two distinct kinds or classes of bills of peace, or bills to quiet title, the one brought for the purpose of establishing a general right between a single party and numerous persons claiming distinct and individual interests; the other for the purpose of quieting complainant's title to land against a single adverse claimant. In the second class the suit can be maintained by a party in possession against a single defendant ineffectually seeking to establish a legal title by repeated actions of ejectment, and in such case it is necessary to aver that the title of complainant has been established by at least one successful trial at law before equity will entertain jurisdiction. 3 Pom. Eq. Jur. 2d ed. § 1394, note 3, and 1 Pom. Eq. Jur. § 246.

This bill evidently would come under the second of these classes, and it is defective in not containing an averment that the complainant's title has been at least once successfully tried at law. On the contrary, it appears from the bill itself that an action at law has been commenced involving the same questions, but has not been tried.

It is also objected that, as a bill of peace or to quiet title, it is defective, because there is no allegation that the complainant was in possession, which is necessary in such a bill. If not in

possession, an action of ejectment would lie. The contention that under the Code of Montana a person not in possession may maintain an action to quiet title cannot prevail in a Federal court, unless it be alleged and proved that both parties are out of possession. *Whitehead* v. *Shattuck*, 138 U. S. 146.

The complainant fails, on both these grounds, to show that its bill is sufficient as one to quiet its title, and it therefore fails to show that the case is not covered by the *Union & Planters' Bank* case, 152 U. S. 454, and other cases, above cited. If the bill do not contain facts sufficient to constitute it a bill to quiet title, all the averments as to defendants' claims as defences, and complainant's answers thereto, are only material for the purpose of showing that the defence may disclose facts which will show a case arising out of the mining laws of the United States. But this would not constitute complainant's cause of action.

But assuming for this purpose (what is otherwise denied) that the bill is sufficient to confer jurisdiction, it is so only because of its averments as to the defence to be made by the defendants to the complainant's cause of action. When we come to examine their answer we find that defendants disclaim any right under the patent for the Rarus lode claim, and confine their alleged rights to such as exist by virtue of their ownership of the Johnstown lode claim only. Defendants' claim of right to follow the veins which they aver have their top or apices in the Johnstown patent is denied by complainant. It sets up in the bill that it denies and disputes the fact that the veins upon which defendants have mined in the claim of complainant, even if such veins had their apices in defendants' ground, (which complainant does not admit,) are yet such veins as can be followed on their dip beyond the lines of defendants' possessions into the ground of complainant, and complainant alleges that the veins are broken and intersected by faults in such a manner that the same cannot be traced or followed from the ground of defendants into that of the complainant, and therefore defendants have no right to enter upon the ground of complainant for the purpose of extracting ores therefrom by reason of their ownership of the apices of any veins within their ground. There is the further fact alleged that the veins, if any, which have their

apices in defendants'· claim, do not pass in their strike through the end lines of defendants' claim. This alleged inability to follow the veins, assuming that they apex in the defendants' Johnstown patent, and the allegation as to the veins not passing through end lines, are mere questions of fact, depending upon the proof as to the truth of those averments. This does not constitute a question arising out of the Constitution or laws of the United States. The answer, by its denials and disclaimers as to what it sets up by way of defence, takes away a defence which might show the case as arising under such Constitution or laws.

Complainant contends, however, that if a case of jurisdiction is made out by the bill, the court is not ousted thereof by whatever is set up in the answer. In this case the contention cannot be maintained. The only foundation for the alleged jurisdiction consists of the averments of complainant relative to the contention of the defendants as to their defence. Now, if it appear from the answer of defendants that no such claim as is necessary to give the court jurisdiction is in fact made, but on the contrary is disclaimed and denied, then the basis of jurisdiction fails and the court cannot proceed. This is so held in *Robinson* v. *Anderson*, 121 U. S. 522, 524. In that case Mr. Chief Justice Waite, speaking for this court and delivering its opinion, said :

" Even if the complaint, standing by itself, made out a case of jurisdiction, which we do not decide, it was taken away as soon as the answers were in, because if there was jurisdiction at all it was by reason of the averments in the complaint as to what the defences against the title of the plaintiffs would be, and these were of no avail as soon as the answers were filed and it was made to appear that no such defences were relied on." See also *Crystal Springs &c. Co.* v. *City of Los Angeles*, 82 Fed. Rep. 114, affirmed 177 U. S. 169.

Jurisdiction in this class of cases must be based upon the fact that the case is one arising under the Constitution or laws of the United States. If it appear to be such in the plaintiff's pleading simply because of the allegations as to what the defences are on the part of the defendant, if when the answer

come in it is seen that no such defence in fact is set up or insisted upon, it is then seen that no such case exists as stated in the complaint, and no jurisdiction therefor exists to try questions which are not· of a kind coming within the statute, and the court should then dismiss for want of jurisdiction.

The complainant also objected that the defendants did not properly or effectively disclaim or deny the allegations of the complainant's bill.

In relation to the evasive character of the· answer it was stated by Circuit Judge Gilbert in 93 Fed. Rep. 274, in regard to this case, as follows:

"It is objected that the denials of the answer do not fully and explicitly traverse the new averments of the amended bill, but that they are denials only that the defendant relies in 'this action' upon the alleged rights and claims, and that the defendant disclaims only for the purpose of· this present suit,. without waiving its right to assert such claims in some other suit or proceeding hereafter. No exception, however,. was taken to the answer for insufficiency. It was accepted as responding to the allegations of the amended bill. We think it was properly so accepted. If, in view of some possible other action affecting other interests, the defendant has attempted to reserve the privilege to assert other rights under the Rarus patent, it is immaterial to the present controversy. It is only to the rights asserted by the complainant in this suit that the defendant must make answer. It is required to make its defence to the allegations of the bill, and to show cause why the relief prayed for should not be decreed. It has answered as to its rights to extract the ores in question. It says that it· claims nothing by virtue of the Rarus patent, but that it relies solely upon the fact that the ores it has taken belong to a vein which has its apex in the Johnstown lode claim, and in its strike passes through the end lines of said claim, and in its downward course extends beneath the surface of the complainant's claim. Upon such a bill and such an answer all questions concerning the right of the defendant to mine the ores in controversy are determinable, and the decree, if against the defendant, would be as effective to bar it from hereafter assert-

ing rights under the Rarus patent as would be a decree upon any other form of answer."

We concur in the views thus expressed, and the result of the whole case is that the complainant failed to show any jurisdiction in the Circuit Court to try this case, and the order of the Circuit Court dismissing complainant's bill and giving judgment for the defendant is, therefore,

*Affirmed.*