531 F.2d 132
 Charles M. ALBRIGHT, Administrator of Estate of Charles
Albright, Deceased, Appellant in Nos. 75--1606,
75--1607, 75--2188 and 75--2189
v.
R. J. REYNOLDS TOBACCO COMPANY, a corporation (two cases).
 Nos. 75--1606, 75--1607, 75--2188 and 75--2189.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Nov. 14, 1975.
Decided Feb. 13, 1976.
Certiorari Denied June 1, 1976.
See 96 S.Ct. 2229.
 
 Kenneth W. Behrend, Mark B. Aronson, Behrend & Aronson, Pittsburgh, Pa., for appellant.
 Harold R. Schmidt, Raymond G. Hasley, Rose, Schmidt & Dixon, Pittsburgh, Pa., for appellee.
 Before ALDISERT, HUNTER and GARTH, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The principal question for decision is whether a diversity case, originated in state court and otherwise properly removed to federal court pursuant to 28 U.S.C. § 1441[1] must be remanded because of a prior determination in a parallel case, originated in federal court, that an identical claim did not satisfy the $10,000 federal jurisdictional threshold of 28 U.S.C. § 1332.[2] The district court denied plaintiff's motion to remand, exercised federal jurisdiction, and dismissed the case as barred by the state statute of limitations. We affirm.
 
 
 2
 The litigation arises out of the claim of Charles Albright[3] that R. J. Reynolds Tobacco Company is liable to him for cancer and related sicknesses allegedly caused by the company's products. The controversy has been in litigation for more than 10 years; claims have been asserted in state and federal courts; and the matter has been in this court before. Albright v. R. J. Reynolds Tobacco Co., 350 F.Supp. 341 (W.D.Pa.1972), aff'd, 485 F.2d 678 (3d Cir. 1973), as modified, 3d Cir., No. 72--2105, Nov. 23, 1973, cert. denied, 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974). Factual details are set forth in the district court opinion, supra, and need not be repeated here.
 
 
 3
 Plaintiff commenced three actions in 1965, two in the Pennsylvania state court and one in federal court. Because Pennsylvania practice did not permit joinder of tort and contract in one complaint, plaintiff filed two actions in the Court of Common Pleas of Allegheny County, Pennsylvania--one in trespass and one in assumpsit--by filing praecipes for writs of summons. Although plaintiff had the writs reissued once, in 1967, the writs were not served and plaintiff took no further action in the state court until 1974, seven years later. Shortly after initiating the state court action in 1965, plaintiff filed a complaint in the United States District Court for the Western District of Pennsylvania, alleging diversity of citizenship and an amount in controversy in excess of $10,000. He lost in federal court: the district court dismissed the complaint, inter alia, because the court was 'convinced to a legal certainty that the evidentiary material submitted will not support a claim in excess of the jurisdictional minimum of $10,000.' 350 F.Supp. at 352. We affirmed on that ground, 485 F.2d 678 (3d Cir. 1973), as modified, 3d Cir., No. 72--2105, Nov. 23, 1973, and certiorari was denied on April 15, 1974, 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301. See Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971). Thereafter plaintiff sought to rejuvenate his action in the state court.
 
 
 4
 On May 15, 1974, plaintiff had the original writs of 1965 reissued; they were served on defendant on May 22, Praecipes to reissue the writs alleged that the amount in controversy exceeded $10,000. Based on this allegation, and diversity of citizenship, defendant removed to the United States District Court for the Western District of Pennsylvania on June 20, 1974. Four days later plaintiff filed complaints in trespass and assumpsit in the state court, each complaint demanding judgment in excess of $3,000 only. It is undisputed that these complaints state the identical claim previously considered by the federal court and adjudged insufficient as a matter of law to meet the $10,000 jurisdictional requirement. Plaintiff asserts that his evidence is also the same. Appellant's Brief at 8.
 
 
 5
 In the district court, the plaintiff moved to remand to the state court, arguing in essence that the district court was bound to be consistent: having previously determined as a matter of law that the identical claim did not satisfy the $10,000 jurisdictional requirement, the court could not now take jurisdiction of the case on removal. Furthermore, plaintiff argued, the complaints subsequently filed in the removed cases sought recovery in excess of $3,000 only. The defendant, for its part, opposed the motion to remand and moved for summary judgment on the grounds that the claim was barred by the statute of limitations, prior accord and satisfaction, and res judicata.
 
 
 6
 The district court denied plaintiff's motion to remand and dismissed the claim as barred by the statute of limitations without considering the other grounds of defendant's motion. Plaintiff has appealed from the final judgment pursuant to 28 U.S.C. § 1291, but challenges only the denial of his motion to remand. Brief for Appellant at 2. A denial of a motion to remand is properly reviewable on appeal from a final judgment. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); C. Wright, Federal Courts § 41, at 147 (2d Ed. 1970).
 
 I.
 
 7
 We agree with the district court that St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), properly controls the calculation of jurisdictional amount, and that the $10,000 requirement was satisfied. It may seem anomalous that a court can say a claim is not worth $10,000 and then say it is. However, the determination in one instance was made in a case originated in federal court; in the other instance the determination was made in an action removed to federal court. St. Paul Mercury Indemnity makes clear the very different standards applicable. In an action originated in federal court, the court must strike a difficult balance where unliquidated damages are involved: a plaintiff's frivolous claim cannot be decisive to establish the jurisdiction of the court, yet jurisdiction cannot be made to depend on the final outcome of the case. C. Wright, Federal Courts § 33, at 111 (2d ed. 1970). St. Paul Mercury Indemnity Co. explains why the determination of the amount in controversy in a removed case is not so difficult:
 
 
 8
 In a cause instituted in the federal court the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount. His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit. . . . In such original actions it may also well be that plaintiff and defendant have colluded to confer jurisdiction by the method of the one claiming a fictitious amount and the other failing to deny the veracity of the averment of amount in controversy. Upon disclosure of that state of facts the court should dismiss.
 
 
 9
 A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court. It is highly unlikely that the parties would pursue this roundabout and troublesome method to get into the federal court by removal when by the same device the suit could be instituted in that court. Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer[4] or forever lose his right to remove. Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.
 
 
 10
 303 U.S. at 290--92, 58 S.Ct. at 591 (original footnotes omitted).
 
 
 11
 We find this analysis clear and controlling. Here, it was the status of the case as disclosed by plaintiff's state court praecipes that controlled; plaintiff did not file his complaints reducing the amount claimed until after removal. It is settled that '(g)enerally the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed', C. Wright, Federal Courts § 38, at 134 (2d ed. 1970) (citing cases), and that 'events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.' St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, 303 U.S. at 293, 58 S.Ct. at 592. 1 W. Barron & A. Holtzoff, Federal Practice and Procedure § 101, at 464 (Wright ed. 1961) (citing cases). A fortiori, the filing of a pleading reducing the amount claimed could not oust the district court of jurisdiction.
 
 
 12
 It is precisely at this point where we and Judge Hunter part company. He does not agree with what we consider a clear statement in St. Paul Mercury Indemnity Co. Instead, characterizing it as ambiguous dictum (Dissenting Op. at 139) he expresses the view: 'In sum, I believe that the law is that in a removal case, just as in an original case, jurisdiction is to be determined as of the time the action first reaches the district court, but that the court can and indeed must reassess jurisdiction as the case proceeds.' (Dissenting Op. at 140.)
 
 
 13
 Considering the Supreme Court's stated rationale, 303 U.S. at 290--92, 58 S.Ct. 586, heretofore set forth at length, we find the rule of the controlling case neither ambiguous[5] nor dictum.[6]
 
 
 14
 The unusual aspect of this case is that the same judge[7] had previously determined as a matter of law that the identical claim did not satisfy the $10,000 requirement. Plaintiff argues that the district judge in considering the removed cases was obliged to take judicial notice of his prior determination of the companion federal case. While this argument has certain visceral appeal, it cannot withstand legal scrutiny. In unliquidated damage cases, the determination of the amount in controversy is necessarily an imprecise calculation. It does not involve an objective fact, it involves a legal estimation, drawing on available evidence and with consideration for the procedural posture of the case. The standards for making the determination in an action originated in federal court are imprecise and difficult, Nelson v. Keefer, supra. But as St. Paul Mercury Indemnity Co. indicates, it is not unreasonable to apply different, simpler standards to a removed case: there is little danger of a frivolously high claim to invoke improperly federal jurisdiction, and there is a need for certainty to allow the defendant to decide promptly whether to remove. Different standards may compel different results.
 
 
 15
 Plaintiff asks, in effect, that we engraft onto the St. Paul Mercury Indemnity Co. rule an exception to cover the particular facts of this case. We decline to do so for several reasons. First, the logic of that case is compelling and, even if it were not, we are not free to disagree with it. Second, plaintiff has suggested no workable formulation of the exception he urges and no principle upon which such an exception could rest. Here the prior determination of insufficient amount in controversy was by the same judge. Would that be a necessary element of the exception we are asked to announce? Or would a prior decision of the same court suffice? Would the two claims have to be identical? Or would substantial similarity suffice? '(T)he main constituent of the judicial process is precisely that it must be genuinely principled, resting with respect to every step that is involved in reaching judgment on analysis and reasons quite transcending the immediate result that is achieved.' Wechsler, Toward Neutral Principles of Constitutional Law, 73 Harv.L.Rev. 1, 15 (1959). Plaintiff has exposed no principle lurking here upon which to rest the exception he urges, and we decline to announce a rule of law that would be sui generis in application.
 
 II.
 
 16
 A third reason we decline to announce the exception urged is that we are not moved by the equities of plaintiff's case: the claim was time-barred under Pennsylvania law prior to removal. Plaintiff concedes as much and, in fact, has not appealed the district court's judgment that the claim is barred by the statute of limitations. The only real question is whether the claim will be dismissed as time-barred by the federal court or the state court. Not only are we reluctant to generate the expenditure of additional state judicial resources by a remand under such circumstances, but we see no purpose in it. In a diversity case, a federal court is bound to apply the same statute of limitations that the coordinate state court would apply. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); see Day and Zimmerman, Inc. v. Challoner, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3, 44 U.S.L.W. 3262 (1975) (per curiam).
 
 
 17
 Plaintiff's original praecipes were filed on August 24, 1965. Under Pennsylvania law, plaintiff was obliged to serve the writs of summons within 30 days, Pa.R.Civ.P. 1009(a), or seek reissuance of the writs within the period of the applicable statute of limitations. Yefko v. Ochs, 437 Pa. 233, 263 A.2d 416 (1970); Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A.2d 317 (1961). Two years is the applicable limitations period in trespass, 12 P.S. § 34; four years is the applicable period in assumpsit, 12A P.S. § 2--725. Plaintiff was obviously aware of the necessity for seeking reissuance of the writs because he did so on May 22, 1967. This kept his claim alive for a further period measured by the applicable statute of limitations. Hence, he had until May 22, 1969, to reissue the writ in trespass, and until May 22, 1971, to reissue the writ in assumpsit. He did not reissue either writ until May 15, 1974. Therefore, the claims were time-barred under Pennsylvania law, and would have been dismissed by a Pennsylvania court. A federal court in a removed diversity case is bound to do the same. Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160 (3d Cir., No. 75--1514, filed Jan. 26, 1976).
 
 
 18
 We conclude: (1) that the $10,000 requirement of 28 U.S.C. § 1332 was satisfied as of the date the petition for removal was filed--the district court, therefore, properly entertained jurisdiction and properly denied plaintiff's motion to remand; and (2) that, having thus taken cognizance of the case, the district court properly granted defendant's motion to dismiss the claim as barred by Pennsylvania's statute of limitations.
 
 III.
 
 19
 It remains to consider plaintiff's argument, apparently premised on due process, that the district court's decision deprives him of his right to trial in the state court. This argument is without merit. Characterizing the writs of summons as 'protective' writs (Appellant's Brief at 7) hardly suffices to convince us that plaintiff's action was not time-barred. The Pennsylvania statute of limitations was not tolled by the filing or during the pendency of the claim in federal court. McSparren v. Weist, 402 F.2d 867, 876 (3d Cir. 1968), cert. denied, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969); Overfield v. Pennroad Corp., 146 F.2d 889, 898 (3d Cir. 1944). Pennsylvania has a very simple procedure whereby a litigant in these circumstances can protect his state court action indefinitely: timely reissuance of timely issued writs. Plaintiff was obviously aware of this procedure when he procured reissuance in 1967, but, thereafter, he neglected the procedure and his claim lapsed. A statute of limitations inherently deprives a tardy litigant of any right to trial he might have had. On this point, we wholly agree with the district court's observation:
 
 
 20
 The requirements of reasonable procedural rules and the substantive law of statutes of limitations which bar commencement of an action after a stated period of time do not infringe upon the requirement of due process. It would appear that the defendant has also certain rights, including the right, at some stage, to be free from further litigation.
 
 
 21
 The judgment of the district court denying the motion to remand and dismissing the claim as barred by the statute of limitations will be affirmed.
 
 JAMES HUNTER, III, Circuit Judge (dissenting):
 
 22
 I respectfully dissent from the majority's conclusion (part 'I') that the district judge acted properly in refusing to remand plaintiff's action(s)[1] to the state court. In my view, the majority's result is not required by either the holding or the language of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the case relied on.[2] The contrary result is supported by related principles governing our original diversity jurisdiction as well as by commonsense ideas of fairness and orderly process.
 
 
 23
 In St. Paul Mercury, the Court was asked to review[3] a decision that
 
 
 24
 although, at the time of removal of a cause from a state court, the complaint disclosed an amount in controversy requisite to the federal court's jurisdiction, a subsequent amendment, reducing the sum claimed to substantially less than that amount, necessitates remand to the state court.
 
 
 25
 Id., 303 U.S. at 284, 58 S.Ct. at 588. The Court's unanimous decision that such an amendment after removal could not oust the district court's jurisdiction establishes that the action of the appellant here in filing state court complaints alleging 'in excess of $3000' could not affect jurisdiction if the district court had previously acquired jurisdiction on the basis of the praecipes alleging in excess of $10,000. The correctness of the district court's treatment of that issue is therefore beyond question, and in fact appellant has not claimed otherwise in this court.
 
 
 26
 At the same time, it should be clear from the quotation above that the St. Paul Mercury holding did not cover the situation in which it is alleged that a remand is required on the ground that the original complaint (or, in this case, praecipe) failed to place in controversy an amount in excess of $10,000. Nevertheless, the majority interprets language in that opinion as establishing a rule that, in removal cases, the question of whether or not the amount actually in controversy meets the jurisdictional requirement is forever foreclosed if the original documents are not insufficient on their face. The ground stated is that 'generally the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed' (Majority opinion at p. 7, quoting from C. Wright, Federal Courts 134 (2d ed. 1970), and 'events occurring subsequent to removal which reduce the amount recoverable. . . do not oust the district court's jurisdiction once it has attached.' (Majority opinion at p. 135, quoting from St. Paul Mercury, 303 U.S. at 293, 58 S.Ct. at 586.) Once again, I do not believe that the quoted language necessarily precludes a later conclusion by the district court, based on matters not appearing in the original documents, that jurisdiction did not in fact attach.
 
 
 27
 The right of removal may indeed, as a practical matter, be decided initially by the pleadings, since in many cases the only 'record' at the time of the 'decision' will be the plaintiff's complaint (or praecipe) and the defendant's petition for removal. This should not lead to the conclusion that the court cannot consider, sua sponte or on plaintiff's motion to remand, subsequent developments in the record. If it were so, 28 U.S.C. § 1447(c), providing that
 
 
 28
 (i)f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . .,
 
 
 29
 would be rendered almost meaningless; it would provide only for those cases in which the district judge, reviewing his removal decision on the same record, i.e., the pleadings and the petition for removal, concluded that he had erred. It is much more reasonable to conclude that the district judge is not only permitted but required to carry out the directive of § 1447(c) in the light of the developing record after removal.[4]
 
 
 30
 Appellant did not seek to rely (solely) on 'events occurring subsequent to removal which reduce the amount recoverable.' He sought only to have considered by the trial court matters which would shed light on the question of whether the action, as of the time of removal, actually comprised matters in controversy in excess of $10,000. In other words, appellant did not attempt to defeat or oust jurisdiction, but rather attempted to prove that jurisdiction had never existed.
 
 
 31
 There are strong policy considerations why any ambiguity in the dictum of St. Paul Mercury and the language of § 1447(c) should be resolved in favor of an interpretation which mandates a continuing review of the current record to determine whether the action was properly removed. It is well established that in original diversity suits the district court is not bound as to the jurisdictional amount by the allegations of the complaint, but rather must dismiss at any point in the proceedings where it appears 'to a legal certainty' that the claims were really for less than the jurisdictional amount. Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971) (affirming dismissal based on information adduced during pretrial proceedings).[5] The majority's analysis would thus create a significant and, in my view, unwarranted common law exception to the general rule that the removal jurisdiction of the district court is co-extensive with its original jurisdiction. E.g., Boston & Montana Consolidated Copper and Silver Mining Co. v. Montana Ore Purchasing Co., 188 U.S. 632, 640, 23 S.Ct. 434, 47 L.Ed. 626 (1903); 28 U.S.C. § 1441(a);[6] C. Wright, Federal Courts 130--31 (2d ed. 1970).
 
 
 32
 In addition, the majority's conclusion offers a plaintiff and a defendant (of diverse citizenship) who both wish to litigate in federal court a method for circumventing the restrictions which Congress and the courts have placed on the original diversity jurisdiction of the district courts. Where such litigants recognize that a complaint can be drawn which, on its face, appears to place in controversy the jurisdictional amount, but which, after further proceedings, will be exposed as inadequate to invoke federal court jurisdiction, they will be permitted, under the majority's analysis, to secure by the 'back door' of removal what they could not secure by the 'front door' of original jurisdiction. I cannot believe that this is what either Congress or the St. Paul Mercury Court intended.
 
 
 33
 The majority admits that the application of its rule to the present facts 'seem(s) anomalous' (Majority opinion at p. 134), and that the appellant's position 'has certain visceral appeal.' (Id. at 136). A brief re-statement of the prior proceedings will demonstrate that both statements are fully justified. Plaintiff first sought a federal forum, filing an original diversity action. On motion of the defendant, the district judge, after taking evidence, granted summary judgment for defendant on the ground that plaintiff had secured prior satisfaction of his claim. Albright v. R. J. Reynolds Tobacco Co., 350 F.Supp. 341, 344--49 (W.D.Pa.1972). However, the opinion went on to hold, also on the motion of defendant (Brief of Appellee at p. 18), that it was clear 'to a legal certainty' that the claim did not place in controversy the jurisdictionally required amount. Id. at 349--52. This court affirmed, specifying that the affirmance was based on the jurisdictional ground. Albright v. R. J. Reynolds Tobacco Co., 485 F.2d 678 (3d Cir. 1973), as modified, 3d Cir. No. 72--2105, Nov. 23, 1973, cert. denied, 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974). Appellant, bowing to the inevitable, then sought to pursue his claim in state court--a claim which appellee conceded was identical to that proffered in federal court. Opinion of August 6, 1974, p. 119a; Brief of Appellee at pp. 3, 19. Nevertheless, appellee removed, seeking to invoke the federal court jurisdiction it had once shunned. The reason(s)[7] for appellant's resistance to this move are understandable; in federal court he would be before the same district judge who had already expressed the (unnecessary) opinion that appellant's cause was not meritorious. Nevertheless, the district court exercised jurisdiction over the case and disposed of it once and for all, albeit on a ground other than that stated in its earlier opinion. It would be difficult to explain to appellant why he should not feel that he has been subjected to a 'catch 22.' (See appellant's Brief at p. 8).
 
 
 34
 In sum, I believe that the law is that in a removal case, just as in an original case, jurisdiction is to be determined as of the time the action first reaches the district court, but that the court can and indeed must reassess jurisdiction as the case proceeds. While the court is not to consider events (e.g., change in parties' citizenship, Morgan's Heirs v. Morgan, 15 U.S. (2 Wheat) 290, 4 L.Ed. 242 (1817) (original jurisdiction)) occurring after filing or removal, it must consider any light that material subsequently submitted sheds on the jurisdictional 'facts' that existed at the time of filing or removal, e.g., the 'facts' establishing that the requisite amount was in controversy.
 
 
 35
 There is then no need to 'engraft . . . an exception to cover the particular facts of this case.' (Majority opinion at p. 136). The prior court determination to which appellant called attention in support of its motion to remand is just one of various types of 'evidence' which might be submitted to prove whether or not the jurisdictional amount was actually in controversy.[8] On the facts of this case, a reversal is required. Although the district judge held that he was not bound by his earlier opinion (or this court's affirmance thereof) (opinion of August 6, 1974, p. 120a), the cases he cites hold only that a jurisdictional dismissal does not bar a subsequent adjudication if the jurisdictional defect is cured. E.g., Smith v. Pittsburgh Gage and Supply Co., 464 F.2d 870 (3d Cir. 1972). Since the parties have stipulated that the removed cause raised the identical claim previously held jurisdictionally insufficient, the appellant cannot be found to have cured the defect which caused the earlier dismissal. Luker v. Nelson, 341 F.Supp. 111, 114 (N.D.Ill.1972), also cited by the district court, states '(t)he general rule' that 'a determination of lack of jurisdiction will be deemed judicially conclusive in a subsequent suit on the same cause of action as to the precise issue of jurisdiction previously ruled upon. See American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231 . . . (1932).'
 
 
 36
 Without expressing any opinion as to whether the district court and the majority have properly decided the state-law statute of limitations question, I respectfully submit that the merits (or lack thereof) of appellant's claim cannot be used to support the district court's refusal to remand. If, as I would hold, the district court was required to remand for lack of jurisdiction, neither that court nor this court has any power to decide on any aspect of the underlying cause of action. Metcalf v. Watertown, 128 U.S. 586, 587, 9 S.Ct. 173, 32 L.Ed. 543 (1888) (statute of limitations). While it may be that '(t)he only real question is whether this claim will be dismissed as time-barred by the federal court or the state courts' (majority opinion at p. 136), that evaluation would not make the question any less 'real' or any less important. '(I)t is federal policy to strictly construe removal statutes and to limit the removal jurisdiction of the federal courts. The cases are legion.' Witherow v. Firestone Tire and Rubber Co., 530 F.2d 160, 168--169, 3d Cir., No. 75--1514, filed Jan. 26, 1976.
 
 
 37
 The judgment appealed from should be vacated and the case remanded to the district court with directions to remand to the Court of Common Pleas of Allegheny County, Pennsylvania.
 
 
 
 [1]
 § 1441. Actions removable generally
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. . . .
 
 
 [2]
 § 1332. Diversity of citizenship; amount in controversy;
 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between--
 (1) citizens of different States;
 (2) citizens of a State, and foreign states or citizens or subjects thereof; and
 (3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties. . . .
 
 
 [3]
 Charles Albright died in 1965 and his widow was substituted as plaintiff. Mrs. Albright died in 1973 and Mr. Albright's son, Charles M. Albright, was substituted as plaintiff. We shall refer simply to the plaintiff
 
 
 [4]
 The time for filing the removal petition has been changed. Defendant now has 30 days from receipt of the initial pleading, or from service of the summons if the initial pleading is filed and not served. Alternatively, if 'the case stated by the initial pleading is not removable', defendant has 30 days from receipt of the legal paper 'from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b). See generally P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 1203--04 (2d ed. 1973)
 
 
 [5]
 'If the language be clear it is conclusive. There can be no construction if there is nothing to construe.' United States v. Hartwell, 73 U.S. (6 Wall.) 385, 396, 18 L.Ed. 830 (1868)
 
 
 [6]
 Although what is or is not dictum may, like beauty, be in the eye of the beholder, see Comment, Dictum Revisited, 4 Stan.L.Rev. 509 (1952), Rupert Cross offers a formulation that should not be too controversial: '(A)n obiter dictum is a 'statement of law in the opinion which could not logically be a major premise of the selected facts of the decision." R. Cross, Precedent in English Law 80 (2d ed. 1968)
 
 
 [7]
 Judge Weber heard the original federal court case. 350 F.Supp. 341 (W.D.Pa.1972). Rule 35(E) of the Rules of Court for the Western District of Pennsylvania provides that related cases shall be assigned to the same judge. Accordingly, Judge Weber also heard the instant case
 
 
 [1]
 Two state court actions were initially involved. See majority opinion at pp. 133--134, supra
 These were consolidated after removal to district court. Opinion and Order of Aug. 6, 1974, p. 122a.
 
 
 [2]
 The second opinion of the district court dealing with the remand issue, dated March 6, 1975, relies also on Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (8th Cir. 1969), and American Universal Insurance Co. v. Kruse, 306 F.2d 661 (9th Cir. 1962). See p. 131a. Neither case is directly on point, although each opinion quotes the language from St. Paul Mercury which is discussed below. To the extent that it is relevant, I believe that Hatridge, in which the court affirmed a refusal to remand even though the complaint claimed less than $10,000 supports reversal here
 
 
 [3]
 It may be noted that the respondent conceded that the decision below was in error
 
 
 [4]
 It may be that this is the view of § 1447(c) that the district judge took. At the close of his first opinion (August 6, 1974) denying the motion to remand, he noted that 'this disposition is not a final determination of the question of jurisdiction,' quoting § 1447(c) (p. 121a). The district judge reaffirmed his refusal to remand in his opinion of March 6, 1975, in which he also granted summary judgment for defendant (pp. 125--32a). It may therefore be that my disagreement with the district judge is much narrower than my diagreement with the majority opinion, in that the former goes only to the question of the weight to be given to the prior jurisdictional dismissal. See the transcripts of oral arguments on motions to remand, pp. 34--82a
 
 
 [5]
 This, of course, is exactly the procedure we approved in our first hearing of this case, Albright v. R. J. Reynolds Tobacco Co., 485 F.2d 678 (3d Cir. 1973), as modified, 3d Cir., No. 72--2105, Nov. 23, 1973, cert. denied, 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974). The district judge based his dismissal on 'extensive discovery, production of evidence, pre-trial narratives and argument of counsel.' Opinion of March 6, 1975, p. 131a
 
 
 [6]
 28 U.S.C. § 1441: Actions Removable Generally
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed. . . .
 The aspects in which removal jurisdiction is, by statute, made broader than original jurisdiction are collected in 1 J. Moore, Federal Practice 662 (2d ed.). None is applicable here.
 
 
 [7]
 Appellant also claimed that the district judge was biased against his claim, and sought his disqualification. When the district judge declined to step aside, appellant sought a writ of mandamus, which was denied by this court on October 31, 1974 (No. 74--2088), and by the Supreme Court on January 27, 1975 (No. 74--723)
 
 
 [8]
 If it were necessary to find an 'exception' to cover the peculiar facts of this case, it would be unnecessary to look further than St. Paul Mercury. In footnote 23, immediately following the text cited by the majority, the Court cited two cases in which the federal courts remanded after it appeared at trial that the jurisdictional amount had not actually been in controversy, and concluded that the remands 'may have been justified by the conviction that the defendant when it removed knew that the amount involved was too little to give jurisdiction.' 303 U.S. at 292--93, 58 S.Ct. at 592. Certainly the facts here are within that type of 'bad faith' rationale