

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# Bracken v. Matgouranis

Precedential or Non-Precedential: Precedential

Docket No. 01-3800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bracken v. Matgouranis" (2002). *2002 Decisions.* Paper 389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 15, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-3800 and 01-3801

CHERYL ANN BRACKEN;
H. DAVID ROTHMAN,
        Appellants in 01-3800

v.

PANOREA MATGOURANIS; DIANNA CALABOYIAS
WYRICK; WILLIAM J. WYRICK; REED SMITH, a
partnership or limited liability partnership; MEYER,
DARRAGH, BUCKLER, BEBENEK & ECK, a partnership
or limited liability partnership
(Western District of Pennsylvania (Pittsburgh)
D.C. # 01-cv-00288)

CHERYL ANN BRACKEN;
H. DAVID ROTHMAN,
        Appellants in 01-3801

v.

MARTIN P. MATGOURANIS; PANOREA MATGOURANIS;
DIANNA C. WYRICK; WILLIAM J. WYRICK
(Western District of Pennsylvania (Pittsburgh)
D.C. # 01-cv-00420)

On Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. Nos. 01-cv-00288 and 01-cv-00420
District Judge: Honorable Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
June 14, 2002

Before: ROTH, RENDELL, and ROSENN, Circuit Jud ges.

(Filed: July 15, 2002)

        H. David Rothman
        Suite 310E
        100 Bryn Mawr Court
        Pittsburgh, PA 15221

         Counsel for Appellants

        John W. Murtagh, Jr.
        Murtagh & Cahill
        110 Swinderman Road
        Wexford, PA 15090-8613

Mary Kate Coleman
Riley, McNulty, Hewitt & Sweitzer
650 Washington Road Suite 300
Pittsburgh, PA 15228

 Counsel for Appellee
Panorea Matgouranis

W. Thomas McGough, Jr.
John C. Unkovic
Roy W. Arnold
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219

 Counsel for Appellees
Dianna C. Wyrick and Reed Smith
Shaw & McClay

2

Louis C. Long
Meyer, Darragh, Buckler,
 Bebenek & Eck
2000 The Frick Building
Pittsburgh, PA 15219

David B. White
Carol L. Hesz
Jennifer H. Guinee
Burns, White & Hickton
120 Fifth Avenue, Suite 2400
Pittsburgh, PA 15222

 Counsel for Appellees
William J. Wyrick and Meyer,
Darragh, Buckler, Bebenek & Eck

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal presents an esoteric question of federal jurisdiction considered by the United States Supreme Court nearly a century ago in Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149 (1908), and rarely reviewed since. The issue is whether the plaintiffs in a state-suit for defamation confer subject-matter jurisdiction on a federal court by raising a first amendment issue in response to an anticipatory defense.

The plaintiffs, Cheryl Ann Bracken and her attorney, H. David Rothman, brought suit in the Allegheny County, Pennsylvania, Court of Common Pleas, alleging that Panorea Matgouranis's attorney, defendant William J. Wyrick, defamed them during Bracken's December 8, 2000, deposition. The plaintiffs also filed a second cause of action based on the alleged defamation, seeking an accounting

and the imposition of a constructive trust on the assets of Panorea Matgouranis and her husband, Martin.

The plaintiffs, in their Complaint, anticipated that the defendants would assert a defense of absolute privilege under Pennsylvania law. The plaintiffs, therefore, asserted

that the exercise of such privilege would violate their first amendment rights under the United States Constitution. Based on this argument, as delineated in the plaintiffs' Complaint, the defendants successfully petitioned to have both cases removed to the United States District Court for the Western District of Pennsylvania.

The plaintiffs, asserting lack of federal jurisdiction, moved to remand the cases to the state court pursuant to 28 U.S.C. S 1447. The District Court denied the motion, holding that the plaintiffs "have clearly raised federal constitutional issues in their complaint." The defendants moved to dismiss the cases, and, in due course, the District Court granted the motion. We hold that the District Court erred in assuming jurisdiction, and we will reverse.

I.

The plaintiffs allege that on November 6, 2000, Martin Matgouranis (Martin) gave Bracken, his employee and lover, a horrible beating that culminated in Martin shooting Bracken execution-style and leaving her for dead. Bracken survived and underwent facial surgery to reconstruct and repair her orbital area. Bracken was released from the hospital the same week she was admitted.

Rothman, on Bracken's behalf, wrote two letters to Martin's attorneys. Rothman requested that Martin advance Bracken money because she was disabled and unable to support herself during her convalescence. Rothman indicated that if and when Martin appeared for sentencing in any criminal proceeding arising out of the alleged assault on Bracken, Bracken would inform the sentencing judge of any "belated compassion shown" by Martin. Rothman further stated that any ex post facto lack of compassion would also be revealed at any sentencing proceeding arising out of the alleged assault.

On November 27, 2000, in the Court of Common Pleas of Allegheny County, Bracken filed an action to discover and freeze Martin's assets. On December 8, 2000, the defendants deposed Bracken. During the course of the deposition, Wyrick, attorney to Panorea Matgouranis, established that Bracken had approved Rothman's letters to

Martin's attorneys. Wyrick then accused Bracken and Rothman of attempting to extort money from Martin.

Thereupon, the plaintiffs filed the action for defamation and intentional infliction of emotional distress.

II.

Title 28 U.S.C. S 1447(d) provides "[a]n order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise." AlthoughS 1447(d) narrows the circumstances under which this Court can review a District Court's order granting remand, appellate review of District Court orders denying remand is not prohibited. Spring Garden Assocs., L.P. v. Resolution Trust Corp., 26 F.3d 412, 414 (3d Cir. 1994). Irrespective of what S 1447 provides, this Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction if it is in question. Shaffer v. GTE North, Inc. , 284 F.3d 500, 502 (3d Cir. 2002); see also Mottley, 211 U.S. at 152.

We exercise plenary review in determining whether the District Court had subject matter jurisdiction. Wujick v. Dale & Dale, Inc., 43 F.3d 790, 792 (3d Cir. 1994). Removing state-court cases to federal court is proper only when federal courts would have had original jurisdiction over the case. 28 U.S.C. S 1441(a);1 Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp., 27 F.3d 911, 915 (3d Cir. 1994).

The Complaint, alleging defamation and intentional infliction of emotional distress, sounds entirely in Pennsylvania law. The parties are not diverse, and thus the District Court's assumption of removal jurisdiction was predicated on original federal question jurisdiction pursuant to 28 U.S.C. S 1331.2 Because the Complaint

---

1. The statute provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. S 1441(a) (emphasis added).

2. The statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. S 1331.

predicted that the defendants would assert a defense of absolute privilege under Pennsylvania law and in response asserted that such a defense would violate the United States Constitution, the District Court allowed the removal of the cases to federal court. The plaintiffs argued that the privilege defense was not an essential element of their state claims and moved to remand the cases to state court. The District Court denied the motion. Approximately a century of precedent compels us to reverse the District Court.

This appeal raises fundamental questions regarding federal jurisdiction, and this Court may not ignore

applicable law. The plaintiffs argue that there is no federal subject matter jurisdiction, because their complaints sound in defamation and intentional infliction of emotional distress, and any reference to their rights of free speech was surplusage and not essential to their claims. Although the plaintiffs have asserted the correct legal principle, they failed to cite precedential cases in support of this proposition to either the District Court or this Court. Mottley, not cited by any of the parties, is the appropriate starting point for our analysis.

Mottley involved alleged injuries resulting from a collision of railroad trains that were owned by the defendant railroad company. 211 U.S. at 150. The plaintiffs and the defendant there reached a settlement in which the plaintiffs released the defendant from liability for damages in return for free railroad passes. The defendant allegedly performed its duties for several years and then it refused to renew the plaintiffs' passes. The plaintiffs asserted that the defendant's refusal to comply with the agreement was a consequence of a federal law forbidding free passes. Id. at 151. The plaintiffs argued that the federal law did not prohibit free passes under the circumstances of their case. Alternatively, the plaintiffs argued that if the federal law prohibited their free passes, the law was unconstitutional.

The District Court, based on the plaintiffs' anticipation of the defendant's defense, assumed jurisdiction. The United States Supreme Court reversed. Referring to the language of S 1331's statutory predecessor, the Court stated:

> It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit

> arises under the Constitution and laws of the United States only when the plaintiff 's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff 's original cause of action, arises under the Constitution.

Id. at 152; see also Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936) (noting that a Complaint will not create federal jurisdiction by going beyond a cause of action statement and anticipating or replying to a likely defense); Krashna v. Oliver Realty, Inc., 895 F.2d 111, 113 (3d Cir. 1990) (actions not removable based on federal defenses). Thus, the presence of federal question jurisdiction turns on the "well-pleaded complaint rule," which dictates that federal jurisdiction lies only when a federal question is presented on the face of the plaintiff 's properly pleaded complaint.

Williams, 482 U.S. at 392.

The Supreme Court has labeled the "well-pleaded complaint rule" both reasonable and fair, Boston & Montana Consol. Copper & Silver Mining Co. v. Montana Ore Purchasing Co., 188 U.S. 632, 639 (1903), and has applied the rule consistently since its promulgation. E.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-11 (1983). The Court stated that speculation on possible defenses and responding to such defenses in an attempt to demonstrate that a federal question would likely arise is not a necessary element of a plaintiff 's cause of action, and thus does not create federal subject matter jurisdiction. Montana Ore, 188 U.S. at 638-40.

The plaintiffs' Complaint sounds entirely in State law. Indeed, in terms of federal proximity, this case is one degree further removed than was Mottley. In Mottley, the plaintiffs anticipated a federal defense and offered their reply to it. Here, on the other hand, the plaintiffs have anticipated a state defense (i.e., absolute privilege), and

7

have developed a first amendment response to the defense in their Complaint (i.e., absolute privilege violates the United States Constitution). Speculation on a state defense and a constitutional answer to it just cannot be the basis for federal question jurisdiction.

Accordingly, the order of the District Court will be reversed and the proceedings remanded to the District Court with directions to vacate its order denying remand of the cases to the Allegheny County Court of Common Pleas. Upon remand, the District Court is instructed to enter an order granting plaintiffs' motion for remand to the state court, with costs taxed against the defendants.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

8