**Leo S. DAVIS, Administrator of the Estate of Gary J. Davis, Deceased**

v.

**TRAVELERS INSURANCE COMPANY.**

Civ. A. No. 83–221 ERIE.

United States District Court, W.D. Pennsylvania.

Nov. 22, 1983.

Bernard Hessley, Warren, Pa., for plaintiff.

Roger Taft, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is a removed action brought by the plaintiff Leo S. Davis, in his capacity as Administrator of the Estate of Gary J. Davis, against the defendant Travelers Insurance Company to recover survivor's loss benefits in the amount of $5,000 and work loss benefits in the amount of $10,000 under the Assigned Claims Plan of the Pennsylvania No-Fault Motor Vehicle Insurance Act. Act of July 19, 1974, P.L. 489, No. 176, §§ 101–701, 40 P.S. §§ 1009.101–1009.-701 (Supp.1982). Gary Davis was killed as a result of a motor vehicle accident on July 25, 1981 in Warren County, Pennsylvania. At the time of the accident he was the owner and operator of an uninsured vehicle.

On November 29, 1982, the Pennsylvania Assigned Claims Plan assigned plaintiff's Application for Basic Loss Benefits to Travelers for processing. Travelers thereafter paid funeral benefits in the amount of $1,500. Travelers has moved for summary judgment with respect to plaintiff's claims and seeks recovery of those benefits paid. The plaintiff has moved to remand the case to state court based on the concession that no entitlement to work loss benefits exists and, therefore, that the amount in controversy is less than the federal court jurisdictional amount of $10,000.

As an initial matter, we will deny the Motion to Remand. It is well settled that once federal jurisdiction has attached, any reduction either by a ruling of the court or by concession, as hereinafter discussed, will not justify a remand. *St. Paul Mercury Indemnity Company v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d 132 (3d Cir.1976). To hold otherwise would be to permit the statutory right of removal to be impermissibly subject to "plaintiff's caprice." 303 U.S. at

294, 58 S.Ct. at 593. Plaintiff's complaint, viewed as of the time that the petition for removal was filed, makes a good faith claim in excess of $10,000. Accordingly, the removal sought by Travelers was proper where the other requirements necessary for federal jurisdiction were present.

We now turn to Traveler's Motion for Summary Judgment with respect to plaintiffs claims.

■ As noted, plaintiff now abandons its claim for any work loss benefits. At the time of the accident plaintiff's decedent was uninsured. Pennsylvania statute provides a right of recoupment of work loss benefits paid to an uninsured owner-driver. 40 P.S. § 1009.501. The Court in *Ostronic v. Insurance Company of North America*, — Pa.Super. —, 460 A.2d 808 (1983), held that such right to recoupment effectively presumes a legislative intent to preclude such payments *ab initio*. Accordingly, we will grant summary judgment in favor of Travelers on plaintiff's claim for work loss benefits.

■ · Similarly, we find that section 1009.-501 requires that the funeral benefits paid the plaintiff also be returned. As noted Section 501 of the Act provides a right of recoupment of all benefits paid to an obligor who has paid basic loss benefits under the Act as a result of an accident involving an uninsured vehicle. 40 P.S. § 1009.501. Plaintiff responds that funeral benefits are not "basic loss benefits" subject to recoupment, but rather are an "allowable expense" as provided by Section 202 of the Act, 40 P.S. § 1009.202. However, plaintiff ignores the fact that by definition such allowance expenses are included in the basic loss benefits to which the right of recoupment extends under 40 P.S. § 1009.-501. *See*, 40 P.S. § 1009.202. Accordingly, summary judgment will be entered in favor of Travelers on its counterclaim.

Travelers next argues that plaintiff's claim for survivor's benefits must be denied, first, because plaintiff's claim is barred by the applicable statute of limitations, and second, because the plaintiff is not a "survivor" within the meaning of the Pennsylvania No-Fault Motor Vehicle Insurance Act. We need only consider Travelers' first argument.

■ The time for presenting a claim under the assigned claims plan is governed by 40 P.S. § 1009.108(c)(1), which specifically references the time limits set forth at 40 P.S. § 1009.106(c). Section 1009.106(c)(2) applies when no-fault benefits have not been paid to the victim or his survivors and sets a time limit of one year after the death or four years after the accident from which death results, whichever is earlier.

As noted, the accident occurred on July 25, 1981. The plaintiff's application for Basic Loss Benefits dated November 24, 1982 was not received by the Pennsylvania Assigned Claims Plan until November 28, 1982. The plaintiff submits that under the facts of this case his claim for survivor's benefits is governed by the general two year statute of limitations provision applicable to survival actions in Pennsylvania and found at 42 Pa.C.S.A. § 5524(2).

The Pennsylvania Supreme Court held in *Sachritz v. Pennsylvania Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982) that the limitations provisions found at Sections 106(c)(1) and 106(c)(2) of the Act were intended to cover all no-fault benefits. The provisions were drafted in a fashion analogous to those applicable to the traditional tort remedies and were intended to take precedence in personal injury actions arising from the operation of automobiles.

In light of the foregoing, we will enter summary judgment on plaintiff's claim for survivor's benefits in favor of Travelers based on the applicable statute of limitations.