**Nettie ZECCO, Plaintiff,**

v.

**SOLARIS HOTEL AND RESORTS, INC., Defendant.**

Civ. A. No. 92–6243.

United States District Court, E.D. Pennsylvania.

May 11, 1993.

Lawrence G. Metzger, Law Offices of Lawrence G. Metzger, Philadelphia, PA, for plaintiff.

Rita Durant, Philadelphia, PA, for defendant.

**MEMORANDUM ORDER**

ROBRENO, District Judge.

AND NOW, TO WIT, this 11th day of May, 1993, upon consideration of defendant's motion to dismiss for lack of personal jurisdiction (Docket No. 4) and plaintiff's motion for remand (Docket No. 7), IT IS ORDERED that defendant's motion to dismiss is *GRANTED* and plaintiff's motion for remand is *DENIED*, for the following reasons:

1. Plaintiff commenced this personal injury action in the Court of Common Pleas of Pennsylvania. Defendant subsequently removed the case to this Court, claiming the existence of diversity jurisdiction.

2. After removal, defendant filed in this Court a motion to dismiss the action for lack of personal jurisdiction on the ground that the defendant does not have minimum contacts with Pennsylvania. In support of its

motion, defendant attaches an affidavit purporting to describe the absence of contacts between defendant and Pennsylvania.

3. In response to defendant's motion to dismiss, plaintiff filed a motion to remand the case to state court. Plaintiff acknowledges in her motion that the complaint, as filed in state court, averred an amount in controversy in excess of $50,000.00. In her motion, however, plaintiff now asserts that, "[o]n further review of her damages and her allegations of liability ... damages do not exceed the sum or value of $50,000.00, exclusive of interest and costs." Motion to Remand, ¶ 4. Plaintiff thus seeks remand of this action on the ground that the case does not meet the jurisdictional minimum amount in controversy required in diversity actions.

4. On the day that she filed her motion for remand, plaintiff also filed a memorandum in response to defendant's motion to dismiss for lack of personal jurisdiction. Plaintiff's only argument in opposition to the motion to dismiss is her contention that the Court cannot rule on the motion to dismiss since the Court lacks subject matter jurisdiction, as described in plaintiff's motion to remand.

5. It is well settled that a plaintiff cannot force remand of a removed diversity case simply by reducing a claim for damages that met the jurisdictional minimum at the time of removal. *See Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d 132 (3d Cir.), *cert. denied*, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); *Davis v. Travelers Insurance Co.*, 574 F.Supp. 188 (W.D.Pa.1983); 14A Wright, Miller and Cooper, *Federal Practice and Procedure*, § 3725, at 434. Accordingly, plaintiff's motion to remand must be denied.

6. Besides her request for remand, plaintiff has offered no argument in response to defendant's motion to dismiss. Defendant's contentions regarding the absence of minimum contacts thus remain unchallenged. The Court will therefore grant the motion to dismiss on the ground that it is, for relevant purposes, uncontested. The mere fact that plaintiff's complaint contains conclusory allegations in support of personal jurisdiction is not sufficient to defeat defendant's motion. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66, n. 9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.").