**FLEMING & HALL, LTD., a Delaware corporation, Plaintiff,**

v.

**Andrew R. COPE, Defendant.**

**No. Civ.A. 98–149 MMS.**

United States District Court, D. Delaware.

Nov. 25, 1998.

Laurence V. Cronin, Smith, Katzenstein & Furlow, Wilmington, DE, for Plaintiff.

David W. Wilks, Maron, Marvel & Wilks, P.A., Wilmington, DE, for Defendant.

*OPINION*

SCHWARTZ, Senior District Judge.

### I. Introduction

This is an action for misappropriation of trade secrets under Delaware law by Fleming & Hall, Ltd. ("F & H"), an insurance adjustment and investigation firm, against defendant Andrew Cope ("Cope"), a former employee. F & H alleges Cope has used trade secrets gained during his employment with F & H to solicit business from its clients. F & H seeks a preliminary and permanent injunction against Cope enjoining him from using F & H trade secrets in any manner, damages and "attorneys' fees, costs and other such relief as the Court deems appropriate." Docket Item ("D.I.") 1, Exh. A. Before this Court is F & H's motion to remand and Cope's motion to dismiss the matter for want of personal jurisdiction.

This Court will remand because it lacks subject matter jurisdiction. In any event a remand would be warranted because Cope signed a contract containing a valid forum-selection clause designating the Delaware Court of Chancery, New Castle County, as the forum for all disputes arising out of his contract, including this one. Because there will be a remand to the Court of Chancery, the Court does not reach Cope's motion to dismiss for want of personal jurisdiction.

### II. Procedural History

F & H initially brought this action in the Delaware Chancery Court. On March 26, 1998, Cope's attorney filed and served a Notice of Removal. F & H filed the motion to remand presently before the Court on April 1, 1998. On April 16, 1998, Cope filed his motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).[1]

### III. Discussion: Should this Court Remand this Matter?

A. *Should this Court remand pursuant to 28 U.S.C. § 1447(c) for want of subject matter jurisdiction?*

■ This Court raised, sua sponte, the issue of subject matter jurisdiction because it must remand this matter "if at any time

1. By stipulation, the parties agreed to extend Cope's time to respond to the complaint.

before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Liberty Mutual Insurance Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir.1995) (court must remand if at any time it appears to lack subject matter jurisdiction). Although Cope predicated removal on diversity of citizenship pursuant to 28 U.S.C. § 1332, this Court lacks subject matter jurisdiction.

The Notice of Removal, D.I. 1, correctly asserts diversity of citizenship between the parties as required by § 1332(a)(1); because it is incorporated in Delaware, F & H is a citizen of Delaware, 28 U.S.C. § 1332(c)(1), and Cope is a citizen of New Jersey. However, the statute also requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." Defendant's Notice of Removal states only, "in defendant's legal estimation and drawing on available evidence, the verified complaint seeks relief which has a value which exceeds $[75],000.00." [2] D .I. 1, ¶ 5.

Defendant has the burden to show subject matter jurisdiction when he removes a case to federal court. While "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal," *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the defendant has a greater burden if the complaint is silent. The Third Circuit Court of Appeals has stressed the stringent standard to be applied in determining whether a remand is necessary.

It is settled that the removal statutes are to be strictly construed against removal and *all doubts should be resolved in favor of remand.*

... [t]he district court must accept as true all factual allegations of the complaint.... It remains the defendant's burden to show the existence and continuance of federal jurisdiction.

*Steel Valley Authority v. Union Switch and Signal Division,* 809 F.2d 1006, 1010 (3d Cir.1987) (emphasis added) (footnotes and citations omitted), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Thus Cope has the burden of demonstrating the amount in controversy exceeds $75,000.[3]

In cases such as this one, where the Chancery Court complaint was understandably silent as to the amount in controversy, the exact nature of this burden is unclear. The Supreme Court has noted that "where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a *preponderance of evidence.*" *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (emphasis added). Neither this Court nor the Third Circuit Court of Appeals has had the opportunity to determine whether the preponderance-of-the-evidence standard suggested in *McNutt* applies in cases of removal where the complaint is silent. Other circuit

---

**2.** Defendant's Notice of Removal incorrectly stated the requirements for diversity jurisdiction, stating 28 U.S.C. § 1332(a) sets the minimum jurisdictional amount at an amount in excess of $50,000. D.I. 1, ¶ 6. However, since October 1996, the requisite amount in controversy has been an amount in excess of $75,000. *See* Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (1996). At oral argument, Cope moved to amend the Notice of Removal to reflect the new statutory minimum amount in controversy.

This Court now grants that amendment pursuant to 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). *See also Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152, 1156 (D.Del. 1989) (Wright, J.) (allowing amendment of notice of removal to correct improperly plead jurisdiction).

**3.** At oral argument, Cope maintained that the statement of his "legal estimation and drawing on available evidence," D.I. 1, ¶ 5, was adequate to satisfy this burden. However, the two cases which he cited in his Notice of Removal to support this proposition, *St. Paul Mercury,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132 (3d Cir. 1976), do not create such a "standard," and in any event, are inapposite. Both cases involve complaints in which the plaintiff alleged an amount in controversy in excess of the jurisdictional minimum and later sought to lower the damages demand to achieve remand. Those cases merely stand for the proposition that when a plaintiff actually alleges damages, the damages claimed initially are presumed correct for purposes of removal jurisdiction.

courts of appeals have held defendants seeking removal to various standards of proof ranging from preponderance of the evidence to a requirement that it cannot be stated to a legal certainty that the amount in controversy is less that the jurisdictional requirement. *See generally* 16 Robert C. Casad, et al., *Moore's Federal Practice*, § 107.14[2][g][v], at 107–68 to –69 (3d ed.1998).

The Court need not determine what the appropriate burden is here, because Cope has not met even the lightest possible burden with respect to showing that an amount in excess of $75,000 is in controversy.[4] Thus, this Court must remand this matter to the Court of Chancery for want of subject matter jurisdiction.

### B. *Should this Court remand to enforce the forum-selection clause?*

█ Although the lack of subject matter jurisdiction alone is an adequate (and mandatory) ground for remand, an abundance of caution leads this Court to give consideration to plaintiff's argument that this Court must remand to the Chancery Court pursuant to the forum-selection clause. In *Foster v. Chesapeake Insurance Co., Ltd.*, 933 F.2d 1207, 1216 (1991), the Third Circuit Court of Appeals held that "if a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." The appellate court went on to explain that a valid forum-selection clause acts as a waiver of defendant's right to remove. *Id.* at 1216. Thus, because the forum selection clause set forth by F & H governs this matter and is valid, this Court would necessarily remand this matter to the Court of Chancery even if it had subject matter jurisdiction.

### 1. *What law governs this question?*

As a preliminary matter, the Court must determine what law governs the inquiry into the applicability and validity of the forum-selection clause—state law or federal law.

The Third Circuit has held "[i]n federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 877 (3d Cir.1995). Thus, for purposes of determining whether the forum-selection clause requires this Court to remand the instant case, this Court will apply federal law.

### 2. *Does the forum-selection clause apply to this case?*

By its terms, the forum-selection clause at issue requires "[a]ll claims, disputes, or causes of action relating to or arising out of this Agreement shall be brought, heard and resolved solely and exclusively by and in the Delaware Chancery Court situated in New Castle County, Delaware." Pl's Mot. Remand, D.I. 3, ¶ 5. This cause of action relates to the agreement containing the forum-selection clause and therefore applies to the instant case.

The complaint alleges Cope signed the confidentiality agreement as a prerequisite to attending a meeting at which confidential information was disclosed. D.I. 1, Exh. A, ¶¶ 7, 8. The complaint further alleges the confidential information described in the complaint, apparently including the information disclosed at the meeting which was the subject of the confidentiality agreement, constituted trade secrets which Cope subsequently misappropriated. D.I. 1, Exh. A, ¶¶ 13–15. The cause of action thus relates, at least in part, to the nature and breadth of the confidentiality agreement. Defendant does not dispute the forum-selection clause would apply if it were valid. The Court therefore finds the forum-selection clause applies.

### 3. *Is the forum-selection clause valid?*

Cope challenges the forum-selection clause on two grounds. First, in his brief, Cope argues the forum-selection clause is "void

---

**4.** Cope did not accompany the moving papers with an affidavit which would even give the court reason to believe that it cannot be stated to a legal certainty that the jurisdictional amount would not exceed $75,000. Indeed, although his claim that the requisite amount in controversy had been met rested on his "legal estimation and drawing on all available evidence," neither his briefs nor repeated questioning at oral argument ever yielded even a description of that evidence.

and unenforceable" as a contract of adhesion. Def.'s Resp. Opp'n Mot. Remand, D.I. 5, ¶ 6. In challenging an applicable forum-selection clause, the defendant has a particularly high burden.[5] In a non-diversity case, *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court upheld a forum-selection clause, stating "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. 1907. The Third Circuit Court of Appeals has extended this standard to govern the validity of forum-selection clauses in diversity matters as well. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *cf. Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring) ("Although our opinion in *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), involved a Federal District Court sitting in admiralty, its reasoning applies with much force to federal courts sitting in diversity."). In *Foster*, the Third Circuit Court of Appeals noted that a forum-selection clause would be "unreasonable" under the *Bremen* requirements "where the defendant can make a 'strong showing,' *either* that the forum thus selected is 'so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' *or* that the clause was procured through 'fraud or overreaching.'" 933 F.2d at 1219 (quoting *M/S Bremen*, 407 U.S. at 10, 15, 18, 92 S.Ct. 1907 (citations omitted)). Building upon *The Bremen*, the Third Circuit has also held that a forum-selection clause is unreasonable "if it could clearly show that the contract resulted from 'fraud, undue influence, or overweening bargaining power'...." *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*, 858 F.2d F.2d 905, 912 (3d Cir.1988) (quoting *M/S Bremen*, 407 U.S. at 12, 92 S.Ct. 1907 (citation omitted)).

While Cope's precise position is unclear, it appears the thrust of his argument is that the contract which contains the forum-selection clause is one of adhesion. D.I. 5, ¶ 6. In particular, Cope states:

> [T]he plaintiff drafted the document in question and presented it to Mr. Cope with the instruction that he was required to sign it in order to attend a meeting which was a mandatory condition of his employment. Mr. Cope was not given the opportunity to negotiate the terms of the document nor was he provided the opportunity to amend the document or to consult counsel. As Mr. Cope's employer, Plaintiff enjoyed bargaining power far greater than Mr. Cope's. In addition, Mr. Cope worked solely in New Jersey. The meeting in question took place in Pennsylvania. In no way did Mr. Cope's activities involve Delaware and in no way did Mr. Cope recognize that he was bound to litigate any dispute in the Delaware Court of Chancery.

It appears Cope is making two arguments: first, that the contract was the result of "overweening" bargaining power; and second, that the geographic relationship among Cope's employment, the meeting and Delaware was so tenuous that Mr. Cope could not have had notice that he was binding himself to a Delaware forum. These arguments are unpersuasive.

The Supreme Court and Third Circuit Court of Appeals have been loath to find forum-selection clauses to be the products of "overweening" bargaining power. Both courts have found that the forum-selection clauses contained in contracts offered on a "take-it or leave-it" basis where there is no negotiation whatsoever were valid. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Hodes*, 858 F.2d at 913. In *Hodes*, the Third Circuit Court of Appeals reasoned that because the forum selected was reasonable, the forum-selection clause could not be deemed to be the product of "overweening". *Hodes*, 858 F.2d at 913. Here, the forum selected by F & H—the Delaware Court of Chancery—is hardly an unreasonable choice

---

5. Not only does defendant have the burden of proof in opposing remand, but also all factual allegations in the complaint will be construed as true. *See Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

of forum given that F & H maintains is principal place of business in Wilmington, Delaware. D.I. 1, Exh. A, ¶ 1. Outside the passenger-ticket context, the Third Circuit has stated, "That there may not have been actual negotiations over the clause does not affects its validity." *Foster,* 933 F.2d at 1219. Further, the mere fact that Cope was required to sign the confidentiality agreement to have access to information which was important, and perhaps vital, for his employment does not indicate "overweening". Were this Court to invalidate such confidentiality agreements in the employment context because they are offered on a "take-it or leave-it" basis, the Court would possibly vitiate "a well-accepted traditional means of allowing access to trade secret information while effectively protecting the owners of that information from irreparable harm." *United Steelworkers of America v. Auchter,* 763 F.2d 728, 743 (3d Cir.1985).

Similarly, Cope's apparent suggestion that he lacked notice or that the Delaware forum was a surprise is untenable. The contract in question contained only three operative paragraphs, all in the same type-face, all written in plain language. Any suggestion that defendant was somehow unfairly surprised or "hoodwinked" is not borne out by the contract he was asked to sign.

At oral argument, Cope also suggested that the forum-selection clause was unenforceable because the entire confidentiality agreement was without consideration. "It is a fundamental tenet of contract law that a valid contract requires good or valuable consideration." *Haft v. Dart Group Corp.,* 841 F.Supp. 549, 573 (D.Del.1993). Thus, something must be given or exchanged to induce the promise or performance in return. *See id.; see also* Restatement (Second) of Contracts, § 71 & cmt. b. The claims in the affidavits submitted by both parties suggest signing the confidentiality agreement was either mandatory or necessary for proper job performance and advancement. *See, e.g.,* Fleming Aff., D.I. 10, ¶ 4; Cope Aff., D.I. 11, ¶ 5. Mr. Cope received as consideration the opportunity to attend a meeting which was either mandatory or beneficial to his career. The confidentiality agreement does not lack

consideration and Cope's challenge to its forum-selection provision on those grounds must therefore fail.

The Court finds that by signing the confidentiality agreement containing the forum-selection clause, defendant waived his right to remove to federal court. Thus, the Court would remand this matter to the Delaware Chancery Court in New Castle County, Delaware if it otherwise had jurisdiction.

## IV. CONCLUSION

An order of remand to the Delaware Chancery Court will be entered predicated upon lack of subject matter jurisdiction.