

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2004

# Saudi Basic Ind v. Exxon Corp

Precedential or Non-Precedential: Precedential

Docket No. 02-2130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Saudi Basic Ind v. Exxon Corp" (2004). *2004 Decisions.* Paper 882.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/882

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2130

EXXON MOBIL CORPORATION;
EXXON CHEMICAL ARABIA, INC.;
MOBIL YANBU PETROCHEMICAL
COMPANY, INC.

v.

SAUDI BASIC INDUSTRIES
CORPORATION

Appellant

On Appeal from the
United States District Court
for the District of New Jersey
D.C. Civil Action No. 00-cv-03841
(Honorable William H. Walls)

Argued December 9, 2003

Before: AMBRO, FUENTES and
CHERTOFF, Circuit Judges

(Filed March 24, 2004)

Gregory A. Castanias, Esq. (Argued)
William K. Shirey II, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001

Kenneth R. Adamo, Esq.
Michael W. Vary, Esq.
Leozino Agozzino, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114

*Attorneys for Appellant*

Elizabeth J. Sher, Esq.
Pitney, Hardin, Kipp & Szuch
P.O. Box 1945
Morristown, NJ  07962

James W. Quinn, Esq. (Argued)
David J. Lender, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, 27th Floor
New York, NY 10153

Andrew S. Pollis, Esq.
David J. Michalski, Esq.
Hahn, Loeser & Parks
3300 BP America Building
200 Public Square
Cleveland, OH  44114

K.C. Johnson, Esq.
Exxon Mobil Corporation
800 Bell Street, Suite 1686J
Houston, TX  77002

*Attorneys for Appellees*

AMBRO, Circuit Judge

Saudi Basic Industries Corporation ("SABIC") appeals from the District Court's order denying its motion to dismiss, based on sovereign immunity, the claims of two ExxonMobil subsidiaries, Mobil Yanbu Petrochemical Company ("Yanbu") and Exxon Chemical Arabia, Inc. ("ECAI"). We do not reach the foreign sovereign immunity question, however, because we determine that the *Rooker-Feldman* doctrine bars federal subject matter jurisdiction over the subsidiaries' claims, which have been already decided in state court.

## I.

### Facts and Procedural Posture

In 1980, SABIC and the Exxon (now ExxonMobil) subsidiaries formed two joint venture entities. One, called Yanpet, was the joint venture between SABIC and Yanbu, and another, called Kemya, was the joint venture between SABIC and ECAI. Two decades later, the parties began to dispute the propriety of royalties SABIC had charged to the joint venture entities for the sublicense to a polyethylene manufacturing method called the Unipol® process. In September 2000 SABIC sued Yanbu and ECAI in the Delaware Superior Court seeking a declaratory judgment that these royalty charges did not violate the joint venture

agreements with Yanbu and ECAI. Later that same month ExxonMobil, Yanbu, and ECAI countersued SABIC in the United States District Court for the District of New Jersey (Civil Action No. 00-3841), seeking the converse declaratory judgment—that SABIC had overcharged the joint venture entities for the sublicense in violation of the joint venture agreements.

In January 2002, Yanbu and ECAI filed an answer to SABIC's state court complaint, asserting as counterclaims the same claims they had filed in their federal court complaint. In March 2003, after a two-week trial in the Delaware Superior Court, the jury returned a $416,880,764 verdict against SABIC in favor of ExxonMobil. SABIC has appealed the verdict, which is currently pending in the Delaware Supreme Court.

Prior to the state court trial, SABIC moved to dismiss ExxonMobil's federal court action, asserting foreign sovereign immunity. The District Court denied the motion on April 3, 2002. *Saudi Basic Indus. Corp. v. ExxonMobil Corp.*, 194 F. Supp. 2d 378 (D.N.J. 2002). Though the order also addressed other issues in that action, SABIC appeals only from the sovereign immunity decision.

## II.

### Jurisdiction

**A.    Appellate Jurisdiction**

We generally do not have jurisdiction to review interlocutory decisions such as the denial of a motion to

dismiss. Under the collateral order doctrine,[1] however, we have recognized exceptions to this rule. One well-established exception is for orders denying motions to dismiss for reasons of immunity. *See, e.g., In re Montgomery County*, 215 F.3d at 373 (citing *Nixon v. Fitzgerald*, 457 U.S. 731 (1982)). Thus, we have appellate jurisdiction over the District Court's denial of SABIC's motion to dismiss based on sovereign immunity.

## B.    *Rooker-Feldman* Doctrine

Determining that appellate jurisdiction is proper in a case does not end our jurisdictional inquiry. We have a "continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction when it is in question." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003) (citing *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir.

---

[1]The collateral order doctrine excepts a "narrow range" of interlocutory decisions from the general rule that only final orders are appealable. *In re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) (*citing Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949)). To be an appealable collateral order, it must "conclusively determine the disputed issue, the issue must be completely separate from the merits of the action, and the decision must be effectively unreviewable on appeal from a final judgment." *Id.* (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

2002)). We focused at oral argument on whether federal subject matter jurisdiction over this case fails under the *Rooker-Feldman* doctrine because ExxonMobil's claims have already been litigated in state court. Aided by post-argument letter briefs submitted by the parties, we conclude the answer is yes.

The *Rooker-Feldman* doctrine, derived from two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—prevents lower federal courts from "sit[ting] in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Twp.*, 146 F.3d 168, 171 (3d Cir. 1998). Because Congress has conferred jurisdiction to review a state court's decision only on the Supreme Court, *see* 28 U.S.C. § 1257, lower federal courts lack the power to decide claims in which "the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling." *Desi's Pizza*, 321 F.3d at 419 (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)). As we recently explained, "a claim is barred by *Rooker-Feldman* under two circumstances: first, if the claim was 'actually litigated' in state court prior to the filing of the federal action or, second, if the claim is 'inextricably intertwined with [the] state adjudication.'" *Desi's Pizza*, 321 F.3d at 419 (quoting *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000)).

3

The state level decision need not be of its highest court. The *Rooker-Feldman* doctrine applies equally to final decisions of lower state courts. *FOCUS*, 75 F.3d at 840.

Here there is no dispute that ExxonMobil's claims are identical to the claims upon which the Delaware Superior Court reached a final judgment. Thus, though our Court takes a narrow view of the *Rooker-Feldman* doctrine, *Parkview Assocs. P'ship*, 225 F.3d at 326, litigating ExxonMobil's claims to final judgment in state court presents the "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding." *E.B. v. Verniero*, 119 F.3d 1077, 1090–91 (3d Cir. 1997) (describing a case in which the federal court plaintiff sought an injunction directing that a state court order not be carried out).

ExxonMobil argues that the "actually litigated" circumstance does not trigger *Rooker-Feldman* because the March 2003 state court judgment was not reached prior to ExxonMobil's filing of the federal action in August 2000. It cites to *Desi's Pizza*, in which we said *Rooker-Feldman* bars a claim "if the claim was 'actually litigated' in state court prior to the filing of the federal action," 321 F.3d at 419. But we do not read this language as imposing a new requirement that, in order for the "actually litigated" trigger to apply, the plaintiff's federal claims must be filed *after* the state claims reach a final judgment. In deciding whether a claim was "actually litigated" in state court for *Rooker-Feldman* purposes, we have consistently looked to the substance of the state court's judgment compared to the plaintiff's claims in the federal action. *See Parkview Assocs. P'ship*, 225 F.3d at 325–36; *Gulla*, 146 F.3d at 173. Filing the latter before the state court judgment does not escape *Rooker-Feldman*'s grasp. The only timing relevant is whether the state judgment precedes a federal judgment on the same claims. *Desi's Pizza* itself is illustrative because there the state court reached final judgment *after* the plaintiff filed claims in federal court. Yet we decided that the plaintiff's claims were not "actually litigated" because neither its state court pleadings nor the state court's judgment discussed or referenced the claims it filed in federal court. If in *Desi's Pizza* we had intended to adopt a new requirement that the state court must reach a final judgment prior to the filing of the federal action in order for the "actually litigated" trigger to apply, we had a full opportunity to do so. Furthermore, were we to find that the *Rooker-Feldman* "actually litigated" trigger did not apply to federal actions filed prior to the state court's final judgment, we would be encouraging parties to maintain federal actions as "insurance policies" while their state court claims were pending. This defeats an "elementary principle" underpinning the *Rooker-Feldman* doctrine—"that a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately the Supreme Court under § 1257, not a separate action in federal court." *Parkview Assocs. P'ship*, 225 F.3d at 324.

ExxonMobil also argues that *Rooker-Feldman* should not apply in this case because it is not a party to the action in Delaware state court, in which only its subsidiaries, Yanbu and ECAI, are defendants. Indeed, we have consistently (and recently) held that *Rooker-Feldman* does not bar claims of plaintiffs who were not parties to the state court proceeding. *See Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 342 F.3d 242, 257 (3d Cir. 2003); *Marks v. Stinson*, 19 F.3d 873, 886 n.11 (3d Cir. 1994). But we have also noted that this limiting principle of the *Rooker-Feldman* doctrine "has a close affinity to the principles embodied in the legal concepts of claim and issue preclusion." *Valenti v. Mitchell*, 962 F.2d 288, 297 (3d Cir. 1992). Claims and issues decided against an entity bind also its parties in privity, including wholly-owned subsidiaries. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991). Underscoring this common sense privity principle is the fact that ExxonMobil's interest in its federal claims is identical to its subsidiaries' interest in their state court claims, because its right to recover is derivative of its subsidiaries' right to recover. Indeed, both Yanbu and ECAI are co-plaintiffs with ExxonMobil in the federal action.

As ExxonMobil's federal claims were "actually litigated" in state court, we need not analyze whether, under the alternative prong of the *Rooker-Feldman* doctrine, they were "inextricably intertwined with a previous state court adjudication." *Parkview Assocs. P'ship*, 225 F.3d at 327. We simply note that our case presents an equally clear application of the "inextricably intertwined" circumstance, which exists when "federal relief can only be predicated upon a conviction that the state court was wrong," *id.* at 325, or when "the federal court must . . . take action that would render [the state court's] judgment ineffectual," *FOCUS*, 75 F.3d at 840. By its own admission, ExxonMobil seeks to maintain its federal action as an "insurance policy" in order to relitigate the overcharge issue if SABIC prevails in its efforts to overturn the state court verdict in favor of ExxonMobil. If that were to happen, ExxonMobil's federal action would squarely be seeking to invalidate a final judgment of the state court, the very situation contemplated by *Rooker-Feldman*'s "inextricably intertwined" bar.

\*    \*    \*    \*    \*

Because ExxonMobil's federal claims were identical to the claims in which the Delaware Superior Court reached a final judgment, they are barred by the *Rooker-Feldman* doctrine. Even within our Court's narrow confines for *Rooker-Feldman*, this case is easily cabined. We cannot imagine a more classic invocation of the *Rooker-Feldman* jurisdictional bar than to preclude a party from maintaining a federal action as an "insurance policy" in case the state trial court decision in that party's favor is overturned by an appellate state court. We therefore vacate those aspects of the District Court's order addressing Civil

5

Action No. 00-3841, the subject of this appeal, and remand with instructions to dismiss that action for lack of subject matter jurisdiction.