**NOT PRECEDENTIAL**

UNITED  STATES  COURT  OF  APPEALS
FOR  THE  THIRD  CIRCUIT
_____

No. 14-1403
_____

DARRELL  JAMES  PARKS,
                                                   Appellant

v.

A.  JORDAN,  Discipline  Hearing  Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-02912)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014
Before: HARDIMAN,  NYGAARD  and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: August 4, 2014)
_____

OPINION
_____

PER CURIAM

     Appellant Darrell Parks, a federal inmate, appeals the District Court's denial of his

habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will

modify the District Court's judgment and affirm it as modified.

On October 25, 2012, a correctional officer ("CO") reportedly discovered Parks masturbating in his cell. The CO reportedly instructed him to stop, but Parks failed to do so. That same day, Parks was charged with "Engaging in a Sexual Act" and "Refusing to Obey a Direct Order." After a subsequent hearing before the Unit Discipline Committee ("UDC"), the charges were referred to a Disciplinary Hearing Officer ("DHO"). At a hearing before the DHO, Parks denied engaging in a sexual act. He asserted that he may have made "inappropriate or disrespectful comments" to the CO, and that he put up a sheet to block her view; the disciplinary report, he maintained, was in retaliation for those actions. The DHO determined that, based on the greater weight of the evidence, Parks committed the violation of "Engaging in a Sexual Act." Parks' sanctions included, inter alia, 30 days of disciplinary segregation.

Parks filed his § 2241 petition alleging that he was denied due process of law in his disciplinary hearings and, as a result, faces potential collateral consequences, including the denial of parole. Parks further alleged that the disciplinary proceedings were held within hearing range of other prisoners and staff, thereby violating his right to privacy. As relief, he sought expungement of his disciplinary records and an injunctive order requiring the Bureau of Prisons (BOP) to record (by audio) all disciplinary proceedings henceforth.

The DHO, the respondent below, argued that the § 2241 petition should be dismissed for lack of jurisdiction because Parks did not lose any good time credits, and, therefore, the petition did not directly implicate the fact or duration of his confinement,

2

which is the "essence of habeas." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The District Court determined that, because Parks alleged he was innocent of the disciplinary infraction, his due process claims arguably affected the duration of his confinement to the extent they had merit. It thus retained jurisdiction with respect to those claims, and ultimately denied them on the merits. The District Court dismissed the claim concerning the violation of Parks' right to privacy after determining that it could not be raised in a § 2241 petition. This appeal ensued.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, the DHO argues that the District Court erred in failing to dismiss the entire § 2241 petition for lack of jurisdiction. We exercise plenary review in determining whether the District Court was vested with subject matter jurisdiction. Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002).

Section 2241 authorizes a federal district court to exercise jurisdiction where the federal prisoner is challenging the execution, rather than the validity, of his sentence. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). We have noted that "the precise meaning of 'execution of the sentence' is hazy." Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). Nevertheless, it must involve a challenge to the manner in which the sentence is being "put into effect" or "carr[ied] out." Id. at 243.

---

[1] On appeal, Parks does not challenge the District Court's dismissal of his right to privacy claim. We therefore limit our review to the due process claims. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (failure to raise an issue in an opening brief waives the issue on appeal).

3

Parks does not allege that the BOP is failing to "put into effect" or "carry out" his sentence as imposed in the sentencing judgment. Rather, his claim is that he will be denied parole as a consequence of his disciplinary infraction. Parks provided evidence that he was twice denied parole, despite being eligible, because he continued to receive disciplinary infractions. Specifically, the Parole Commission indicated that "[P]arole should be granted at this time. . . . However, a departure from the guidelines at this consideration is found warranted because . . . [y]ou are a more serious risk than shown by your point score because you have failed to maintain clear conduct while incarcerated." Appellant's Reply Br. at 16. Parks argues, therefore, that his due process claims directly affect the duration of his confinement.

The fact that the disciplinary infraction *may* affect Parks' chances at parole is insufficient to bring his due process claims within the ambit of habeas. See Cardona, 681 F.3d at 537 (where a claim will not "*necessarily* result in a change to the duration of a sentence," it is not properly brought in habeas) (emphasis in original); see also Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002) ("[T]he fact that a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus.") (quoting Georgevich v. Strauss, 772 F.2d 1078, 1087 (3d Cir. 1985)). The Supreme Court made this clear in Wilkinson v. Dotson, 544 U.S. 74 (2005), in which the petitioners sought to attack their parole-eligibility and parole-suitability proceedings. The Court held that such an action does not lie at "the core of habeas corpus" where success "does not mean immediate release from

confinement or a shorter stay in prison" but rather, "at most [means] new eligibility review, which at most will speed *consideration* of [parole]." Id. at 82 (emphasis in original). Likewise, even if Parks is successful at expunging the disciplinary infraction at issue, parole is not a certainty; there are other factors which could affect his chances for parole, including other disciplinary infractions.[2] Claims, such as Parks', which if successful "*would not necessarily* spell immediate or speedier release," are not cognizable in habeas, but may be brought in a civil rights action. Id. at 81 (emphasis in original); see also Leamer, 288 F.3d at 542 ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Based on the foregoing, we conclude that Parks' due process claims were not properly brought in a habeas petition under § 2241, and as such, the District Court lacked subject matter jurisdiction over the petition. Dismissal should be without prejudice to Parks' ability to pursue his claims in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[3] Accordingly, we will modify the District Court's judgment to reflect a dismissal without prejudice for lack of jurisdiction, and we will affirm the judgment as modified.

---

[2] Parks maintains that the disciplinary incident at issue is his only infraction since his last parole hearing in 2012. The DHO has provided evidence, however, indicating that Parks has received four additional disciplinary infractions since October 2012, including another one for "Engaging in a Sexual Act."

[3] We express no opinion as to the merits of such an action.