BLD-036                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3117
_____

DARRELL PARKS,
                                            Appellant

v.

A. JORDAN, DISCIPLINE HEARING OFFICER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02912)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  November 21, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Darrell Parks, a federal inmate, appeals an order of the District Court denying his motion under Federal Rule of Civil Procedure 60(b) to reopen habeas proceedings brought pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

In 2013, Parks filed a § 2241 petition alleging that his due process rights were violated in connection with a disciplinary hearing at which he was found to have committed the violation of "Engaging in a Sexual Act." Although the disciplinary hearing did not result in the loss of any good time credits, Parks alleged that the sanctions imposed resulted in the denial of parole. The District Court denied the petition on the merits. Parks appealed. We concluded that the District Court should have dismissed the petition without prejudice for lack of jurisdiction, and we affirmed the judgment as modified on that basis. Parks v. Jordan, 573 F. App'x 233, 235-36 (3d Cir. 2014) (not precedential) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005), for the proposition that an attack on parole proceedings does not lie at "the core of habeas corpus" where success "does not mean immediate release from confinement or a shorter stay in prison" but rather, "at most [means] new eligibility review, which at most will speed consideration of [parole].").

In May 2016, Parks filed a motion to reopen, citing Rules 60(b)(2) and 60(b)(6). He asserted that a decision denying parole on November 9, 2015, constituted "newly discovered evidence" and that the District Court should have treated his petition as raising civil rights claims. The District Court denied the motion, holding that it was

untimely under Rule 60(b)(2) and that Parks failed to demonstrate extraordinary circumstances under Rule 60(b)(6). Parks appealed.

We have jurisdiction under 28 U.S.C. § 1291, and our review is for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

A Rule 60(b)(2) motion grounded on newly discovered evidence must be filed within one year after judgment is entered. See Fed. R. Civ. Pro. 60(c)(1). Here, the District Court's judgment was entered on February 7, 2014. Parks filed the Rule 60(b) motion over two years later, in May 2016. Under these circumstances, we conclude that the District Court properly determined that Parks' request for relief under Rule 60(b)(2) was time-barred. But even if the motion were considered timely, Parks would not be entitled to 60(b) relief based on the November 9, 2015 decision denying parole. As we explained in our prior decision, the "fact that the disciplinary infraction *may* affect Parks' chances at parole is insufficient to bring his due process claims within the ambit of habeas." Parks, 573 F. App'x at 235. Notably, the November 9, 2015 parole decision was based on three disciplinary infractions, only one of which Parks seeks to challenge here.

We also agree that Parks was not entitled to Rule 60(b)(6) relief based on his assertion that the District Court should have construed his § 2241 petition as raising civil rights claims. According to Parks, the District Court failed to adjudicate claims in his

3

§ 2241 for "retaliation, freedom of speech, and the constitutionally of 28 Code of Federal Regulation § 541.8(f)." Relief under Rule 60(b)(6) is "available only in cases evidencing extraordinary circumstances." Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) (internal quotation marks and citation omitted). Parks' contention that the District Court misconstrued arguments raised in his habeas petition was a matter for appeal, and is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). We note that we previously advised Parks that "[d]ismissal [of his § 2241 petition] should be without prejudice to [his] ability to pursue his claims in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." Parks, 573 F. App'x at 236. Parks does not indicate whether he filed such an action.

Because we conclude that the District Court did not abuse its discretion in denying Parks' motion for reconsideration, we will summarily affirm the District Court's judgment.

4